WO                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV 20-00485-PHX-MTL (JFM) |
|---|---|
| Plaintiff, | CR 06-00684-PHX-MTL |
| v. | **ORDER** |
| David Frank Jennings, | |
| Defendant/Movant. | |

On March 6, 2020, Movant David Frank Jennings, who is confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky, filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In a March 17, 2020 Order, the Court summarily dismissed the § 2255 Motion because Movant waived the right to file a § 2255 Motion. The Court declined to issue a certificate of appealability, concluding that reasonable jurists would not find the Court's procedural ruling debatable. The Clerk of Court entered Judgment the same day.

On March 31, 2020, Movant filed a "Motion for Reconsideration of Dismissal of Movant[']s 2255 Motion and/or for Issuance of Certificate of Appealability" (Doc. 5). He notes that he claimed in his § 2255 Motion that his criminal judgment and sentence were "void and/or void ab initio because this Court did not have subject-matter jurisdiction because [the United States] did not have jurisdiction over the land on which the alleged crime was committed." In his Motion for Reconsideration, Movant contends that subject-matter jurisdiction cannot be waived.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Movant's § 2255 Motion, the March 17 Order, and the Motion for Reconsideration. The Court finds no basis to reconsider its decision. Thus, the Court will deny Movant's Motion for Reconsideration. Because the Court believes reasonable jurists would not find the Court's ruling debatable, the Court will deny Movant's request for a certificate of appealability.

**IT IS ORDERED:**

(1) Movant's "Motion for Reconsideration of Dismissal of Movant[']s 2255 Motion and/or for Issuance of Certificate of Appealability" (Doc. 5) is **denied**. This case must remain **closed**.

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability

because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 2nd day of April, 2020.

Michael T. Liburdi
United States District Judge